J-S26020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL CALVIN HANDFIELD II | : | |
| | : | |
| Appellant | : | No. 2360 EDA 2022 |

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004908-2007

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 10, 2023**

Earl Calvin Handfield, II, appeals from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court has previously summarized the pertinent facts as follows:

> During the evening of October 19, 2005, in an alley in the city of Coatesville, Pennsylvania, Charles Corey "Peen" Jennings was shot and killed. During the investigation, on October 26, 2006, the Commonwealth subpoenaed [Handfield] to testify before the thirteenth investigating grand jury. [Handfield] appeared before the grand jury; however, he invoked his Fifth Amendment privilege against compulsory self-incrimination.
>
> On November 16, 2006, the Commonwealth obtained an order compelling [Handfield] to appear before the grand jury under the grant of immunity. Thus, on that same date, [Handfield] again appeared before the thirteenth investigating grand jury and, while testifying about the death of Mr. Jennings, [Handfield] implicated himself in the murder.

*Commonwealth v. Handfield*, 34 A.3d 187, 189 (Pa. Super. 2011).

Following an independent investigation,[1] police arrested Handfield and charged him with first-degree murder and related charges. Handfield proceeded to a jury trial and was convicted. On June 16, 2009, the trial court sentenced him to an aggregate term of life in prison. Handfield appealed. On December 12, 2011, we affirmed his judgment of sentence. *Handfield*, *supra*. On October 1, 2012, our Supreme Court denied Handfield's petition for allowance of appeal. *Commonwealth v. Handfield*, 54 A.3d 347 (Pa. 2012). Handfield did not seek further review.

On September 9, 2013, Handfield timely filed his first PCRA petition, which the PCRA court denied. Handfield appealed. On July 20, 2016, we affirmed the denial of PCRA relief, and on March 18, 2017, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Handfield*, 154 A.3d 862 (Pa. Super. 2016) (non-precedential decision), *appeal denied*, 169 A.3d 27 (Pa. 2017).

On July 25, 2018, Handfield filed a second PCRA petition, which he subsequently amended. On August 7, 2018, the PCRA court issued a

---

[1] Among the issues Handfield raised in his direct appeal was a claim that the trial court erred in denying his pre-trial motion to dismiss the prosecution because the Commonwealth relied upon his immunized grand jury testimony to bring the criminal charges against him. After a detailed review of the pertinent trial testimony, we agreed with the trial court that "the Commonwealth proved, by clear and convincing evidence, the prosecution of [Handfield] arose wholly from independent sources." *Handfield*, 34 A.3d at 204.

Pa.R.Crim.P. 907 notice of its intent to dismiss Handfield's second petition without a hearing. Following Handfield's response, the PCRA court dismissed as untimely his second PCRA petition on August 28, 2018. Handfield appealed. On June 25, 2019, we affirmed the order denying post-conviction relief, because Handfield's serial petition was untimely, and he did not plead and prove a time-bar exception. ***Commonwealth v. Handfield***, 219 A.3d 263 (Pa. Super. 2019)(non-precedential decision).

On April 17, 2020, Handfield filed the *pro se* PCRA petition at issue, his third. Thereafter, Handfield retained counsel. On April 24, 2020, the PCRA court directed PCRA counsel to file an amended petition within sixty days. Subsequently, PCRA court sought, and was granted ***fourteen*** extensions of time to file an amended petition. On December 14, 2021, the PCRA court filed an order in which it acknowledged PCRA counsel's letter informing the court that Handfield did not want to amend his petition, but rather, wanted PCRA counsel to present his *pro se* petition at an evidentiary hearing. On this same date, the PCRA court ordered the Commonwealth to file an answer addressing the need for an evidentiary hearing, the timeliness of the serial petition, and whether any issue raised therein was previously litigated or waived. After being granted a continuance, the Commonwealth filed its answer on April 8, 2022.

On July 8, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Handfield's third PCRA petition without a hearing. Handfield did not file a response. By order entered August 19, 2022, the PCRA court dismissed

Handfield's third petition. This timely appeal followed. Both Handfield and the PCRA court have complied with Pa.R.A.P. 1925.[2]

Handfield raises the following issues on appeal:

Claim 1: Did the PCRA court err in failing to conduct an evidentiary hearing to develop the record where D. Banks' sworn affidavit meets the *newly discovered facts* prongs in that the evidence was unknown; due diligence was exercise[d]; [the evidence] was not cumulative and satisfies the 'admissibility' requirements?

Claim 2: Did the PCRA court err in failing to conduct an evidentiary hearing to develop the record where [Handfield] presented a *newly discovered facts/**Brady*** claim showing the trial court's partiality in giving a Christmas furlough to the prosecution's chief witness as a reward for preliminary hearing testimony against [Handfield]?

Handfield's Brief at 2 (emphasis in original; excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

_____

[2] PCRA counsel filed a notice of appeal on Handfield's behalf and, later, a Rule 1925(b) statement. Thereafter, PCRA counsel filed an application to withdraw which this Court granted. We then remanded for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Following the ***Grazier*** hearing, the PCRA court determined that Handfield wished to proceed *pro se.* The PCRA court also permitted Handfield to file a *pro se* Rule 1925(b) statement.

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

We first consider whether the PCRA court correctly concluded that Handfield's third petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Handfield's judgment of sentence became final on December 31, 2012, ninety-one days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired.[3] **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Handfield had until December 31, 2013, to file a timely petition. Because Handfield filed his third petition in 2020, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

In his first issue, Handfield argues that he had established the newly-discovered-fact exception to the PCRA's time bar based upon an affidavit from Derek Banks. 42 Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained this exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the

---

[3] Because the ninetieth day fell on a Sunday, Handfield had until the next day to file a writ of *certiorari*. **See** U.S.Sup.Ct.R. 30(1).

"after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

The PCRA court found that Handfield could not establish this exception based on an affidavit from Mr. Banks. The court explained:

[Handfield] asserts that the Commonwealth withheld from [him] evidence that one Marvin Jackson lied when he testified at [Handfield's] trial that he saw [Handfield] on the night of the crime a few blocks away from where the victim was shot. [Handfield] claims that he did not learn about this alleged deceit until September 3, 2019, when one Derek Banks told him in an Affidavit that Marvin Jackson told him that he lied. [Handfield] claims that this is a newly discovered fact that would entitle him to the protection of subsection (ii) against the jurisdictional time-bar of the PCRA.

[Handfield's] claim is without merit for the following reasons. First, the newly discovered fact exception applies to newly discovered facts, not a newly discovered or newly willing source of previously known facts. *Commonwealth v. Johnson*, 863 A.2d 423, 427-28 (Pa. 2004), *reargument denied* (February 8, 2005), *abrogated on other grounds as recognized by Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). [Jackson's] testimony placed [Handfield] at the scene of the crime on the night in question. [Handfield] was present at trial when [Jackson] testified. Assuming for purposes of argument that [Jackson] did in fact lie when he testified, [Handfield] was present at trial when [Jackson] testified and would have known that [Jackson] was lying at that time. Thus, the assertion that

- 7 -

[Jackson] lied during [Handfield's] trial is not a newly discovered fact.

Further, [Jackson] testified that [Handfield] knew he was incarcerated at S.C.I.-Dallas at the time of [Handfield's] trial because [Jackson] so testified. [Handfield] could have contacted [Jackson] well before 2019 and inquired as to why [Jackson] had lied during [Handfield's] trial. Thus, with a modicum of diligence, [Handfield] could have raised his claim on direct appeal or in his first PCRA petition.

Finally, the document from which [Handfield] claims that he received this allegedly newly discovered fact, and Affidavit signed by [Banks] , is rank hearsay for which no exception applies. As such neither the document nor [Banks'] testimony would be admissible in any court proceeding, such as a PCRA hearing. "A claim which rests exclusively upon inadmissible hearsay is not a type that would implicate the [newly]-discovered evidence exception to the timeliness requirement, nor would such a claim, even if timely, entitle [a petitioner] to relief under the PCRA." *Commonwealth v. Yarris*, 731 A.2d 581, 592 (Pa. 1999), *reargument denied* (September 21, 1999). For all of these reasons, [Handfield's] claim to entitlement to relief [from] the PCRA's time-bar under subsection (ii) on the basis of [Banks'] Affidavit fails.

PCRA Court Opinion, 10/6/22 at 9-10 (paragraph breaks added).

Our review of the record supports the PCRA court's conclusions. The focus of the newly discovered evidence exception to the PCRA's time bar is on the newly discovered facts, not on a newly discovered or newly willing source of previously known facts. *Commonwealth v. Marshall*, 947 A.2d 714 (Pa. 2008). Moreover, our review of the record supports the PCRA court's conclusion that Handfield could not establish due diligence. Finally, Handfield's arguments that Mr. Banks' affidavit does not constitute hearsay, or that it qualifies as a hearsay exception, *see* Handfield's Brief 15-19, are meritless. *Yarris*, *supra*. Thus, Handfield's first issue warrants no relief.

In his second issue, Handfield claims the fact that the Commonwealth requested a holiday furlough for David Johnson, a Commonwealth witness, in return for Johnson's preliminary hearing testimony against him, qualifies under the governmental interference exception at subsection 9545(b)(1)(i). Handfield further claims that he did not know the reason the trial court granted the furlough until the PCRA court filed its Rule 1925(a) opinion in support of the denial of his second PCRA petition. He therefore claims the trial court's judicial bias against him is a "newly-discovered" fact under the newly-discovered fact exception at subsection 9545(b)(1)(ii). The PCRA court concluded that Handfield established neither exception.

Initially, we note that, any evidence favorable to the defense is material under *Brady v. Maryland*, 373 U.S. 83 (1963). Constitutional error results when the government suppresses this evidence if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Commonwealth v. Ovalles*, 144 A.3d 957 (Pa. Super. 2016). To establish a *Brady* violation, defendant must demonstrate: 1) the prosecution concealed evidence; 2) the evidence was either exculpatory or impeachment evidence favorable to him; and 3) he was prejudiced. *Commonwealth v. Packer*, 146 A.3d 1282 (Pa. Super. 2016).

In the context of the PCRA, although a *Brady* violation might fall within the governmental interference exception to the PCRA's time bar, the statute

nevertheless requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. **_Commonwealth v. Williams_**, 105 A.3d 1234 (Pa. Super. 2014).

The PCRA court found no merit to Handfield's governmental interference claim:

> [Handfield's] contention is without basis in fact. [Handfield] raised in his second PCRA Petition [filed in July 2018], long before December 7, 2018, the precise issue he claims he did not know about [until the PCRA] court filed its December 7, 2018 Rule 1925(a) Opinion[.] The [PCRA] court addressed the validity of [Handfield's] claims at length in its December 7, 2018 Rule 1925(a) opinion, noting that the plea agreement with [Johnson] was the product of an agreement between the Commonwealth and [Johnson], not the [c]ourt, and occurred two (2) months prior to any case being filed against [Handfield]. The [PCRA] court also noted with respect to the furlough issue that trial counsel knew by the time of trial that [Johnson] had been given a furlough and why-namely, that he was cooperating with the Commonwealth; indeed, trial counsel cross-examined [Johnson] on the leniency he had received and been promised in exchange for his testimony against [Handfield], including the furlough. Accordingly, not only is the claim without any substantive merit, as [Handfield] knew [the] basis for his claim and therefore could have raised this claim either pre-trial, during trial, post-trial, on direct appeal, or in his first PCRA petition, but chose not to do so, [Handfield's] claim is waived. 42 Pa.C.S.A. § 9544(b).

PCRA Court Opinion, 10/6/22, at 4-5.

The PCRA court also rejected Handfield's contention that the Commonwealth committed a **_Brady_** violation regarding Johnson's furlough:

[Handfield] claims that the failure to "timely" inform him of what he characterizes as the sole reason for [Johnson's] furlough constituted a ***Brady*** violation, which he asserts is a form of governmental interference and one that also demonstrates judicial bias creating a structural error in the proceedings warranting relief under subsection (i) of the PCRA[.] [Handfield's] claims have no merit. [He] knew the furlough was given for [Johnson's] cooperation with the Commonwealth and his trial counsel was able to cross-examine [Johnson] about the furlough at trial and did in fact do so. Trial counsel and [Handfield] knew [Johnson] testified at the preliminary hearing. A reasonable person would have understood that testifying for the Commonwealth at the preliminary hearing was part and parcel of [Johnson's] cooperation. There was no withholding of information within the meaning of ***Brady***. Not only is [Handfield's] contention unsupported by the facts of this case and the record, but his allegations of judicial bias are completely without merit, as discussed in the [PCRA] court's December 7, 2018 Rule 1925(a) Opinion. [As stated above because Handfield could have raised the claim earlier it is waived.] For all of these reasons, [Handfield] cannot rely on either his claim of judicial bias or his ***Brady*** claim based thereon to excuse his untimely filing of his third PCRA Petition under subsection (i) of the PCRA[.]

PCRA Court Opinion, 10/6/22, at 5-6.

The PCRA court further found that the record refuted Handfield's claim that the trial court's alleged bias constituted a newly-discovered fact:

With respect to the second of the PCRA's timeliness exceptions, insofar as it relates to [Handfield's] allegations concerning [the trial court's] purported judicial bias . . . [Handfield] did not first learn of the reasons why [Johnson's] furlough agreement with the Commonwealth was approved on December 7, 2018; he himself raised that argument in his second PCRA Petition, which was the predicate for and well pre-dated the [PCRA] December 7, 2018 Rule 1925(a) Opinion. [This claim is also waived because Handfield could have raised it earlier.] As [Handfield's] claim of judicial bias with respect to the leniency for which [Johnson] and the Commonwealth, not the court, bargained was available to [Handfield] well before the [PCRA] court's December 7, 2018 Rule 1925(a) Opinion, and has no basis in fact or law, it does not satisfy the PCRA's timeliness exception in

subsection (ii) so as to excuse the untimely filing of [Handfield's] third PCRA Petition.

PCRA Court Opinion, 10/6/22, at 7-8. Once again, our review of the record supports the PCRA court's conclusions.

Handfield's claims to the contrary are unavailing. He asserts that his current claim is based on "new and separate evidence of judicial bias that he discovered in December 2018, four months after the second PCRA was dismissed." Handfield's Brief at 22. Handfield avers that, "[t]his discovery was in the [PCRA] court's December 2018 1925(a) Opinion . . . where [the court] explained the reason for the [f[urlough." *Id.* According to Handfield, "it took [him] eleven (11) years to discover the true reason why the judge gave Johnson the reward: and that his "defense team was unaware that the trial court specifically granted the [f]urlough based on Johnson's Preliminary Hearing testimony against him." *Id.* at 23-24.

As explained by the PCRA court, at trial, defense counsel cross-examined Johnson about leniency and/or promises made by the Commonwealth, including the furlough. *See* N.T., 6/9/23, at 372. Thus, Handfield's second issue warrants no relief.

In sum, the PCRA court correctly concluded that Handfield's 2022 petition was patently untimely, that he did not plead and prove a time-bar exception, and that an evidentiary hearing was not required. Thus, this Court, like the PCRA court, lacks jurisdiction to consider Handfield's 2022 petition

further. **_Derrickson_**, **_supra_**. We therefore affirm the PCRA court's order denying Handfield post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023